[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In reference to each of the files noted above the court, having heard the parties and having examined all exhibits and the briefs of the parties, finds the issues in the first case of ConnecticutLight and Power vs. Brewer in favor of the Connecticut Light and Power Company. In the second case of William F. Brewer, Jr. vs.the Connecticut Light and Power Company the court finds that Mr. Brewer has failed to establish any of the allegations of his complaint. Having in mind that this is an action under the equitable powers of the Superior Court, the court grants CL P's request in its amended complaint for a decree of specific performance and orders Brewer to execute and deliver to CL P a valid easement and right of way over Lots 19, 20, 22, 24 in the Hallview Subdivision, Simsbury, in accordance with the Relocation Agreement referred to in the amended complaint and also orders the required state and local conveyance tax forms to be executed and delivered to CL P by Mr. Brewer. The court also grants a decree of specific performance ordering Mr. Brewer to execute and deliver an easement and right of way in his individual capacity in favor of CL P for Lot No. 17 in the Hallview Subdivision and also the required state and local conveyance tax forms.
Although Mr. Brewer at one time indicated clearly his intentions to conform to the requirements of the relocation agreement and even attempted to do so, he has given the court no satisfactory reason as to why he was not willing to follow through after the forms had been returned with a request for corrections.
Because the situation with respect to the loss of the forms is unclear and because Mr. Brewer is entitled to examine closely any further documents submitted to him, the court, exercising its equitable powers, decrees further that if Mr. Brewer, acting in good faith, does examine the documents submitted by CT Page 3888 CL P; executes same and returns them to CL P for recording (with no cost to him as indicated by CL P in their request for this decree of specific performance) he shall be entitled to a reasonable hourly rate, payable by CL P, for the time he actually spends in examination and execution of these documents. If, acting in good faith, he decides to retain the services of legal counsel for an examination of these documents he shall be entitled to do so and a reasonable attorneys fee for the examination of these documents for conformance with the Relocation Agreement and Easement. Such fee will be subject to the approval of the court and shall be paid by CL P.
If Mr. Brewer has refused to comply with the orders of the court within thirty days after the date of this decision, in lieu of sanctions or further litigation in this matter, the court decrees that CL P may file on the Simsbury land records a copy of the easement over Lots 19, 20, 22 and 24 in favor of CL P that was executed by Brewer; a copy of the judgment file in this matter establishing that Lots 17, 19, 20, 22 and 24 are subject to an easement and right of way in favor of CL P in accordance with the Relocation Agreement and also the necessary conveyance tax forms together with the authorization to execute those forms on Brewer's behalf as requested in Brewer's amended complaint.
Hale, J.T.R.